Mr. Weeks was sentenced as a career offender under the period of time when the sentencing guidelines were deemed to be mandatory. At the time of his sentencing, which was shortly after the Blakely decision came down, he argued that the career offender should not apply to the facts and circumstances of his case. This is, of course, before Booker, before Shepard. He changed the landscape on you. Yes. What happens now? Well, what we are contending is that the case ought to be remanded back for resentencing. Mr. Weeks, the government's essential argument is that Mr. Weeks waived his right to appeal based upon a paragraph in the plea agreement, which they drafted stating that the defendant waives his right to appeal from the conviction and sentence unless the sentence imposed exceeds the statutory maximum. Our contention is that even based upon the time when Mr. Weeks entered his plea agreement back in August 11th of 2003, both Apprendi, Ring, Almendarez-Torres had all been decided, raising the question and the issue as to what is the statutory maximum. Well, but it raises the question question. But suppose we decide the question is being the statutory maximum is still the same. Then you agree the waiver is good. If that is what the government bargained for, the paragraph in question is does not specify the the statute. It does not specify a statute or or what that statutory maximum is supposed to mean. We would contend that the government only gets what they bargained for and that if there is a question as to that term, and at this particular time in the point of law, we would argue that there is a question. What do you mean by what particular point in time today as you're standing there? At the time that he entered his his his plea of guilty, which would have been August 11th of 2003. There's it was at least a question based upon ring based upon Blakely as to. No, excuse me. Blakely hasn't hadn't been decided yet. But as to ring Apprendi, Almendarez-Torres. Well, is it your position we should apply the law, you know, on a snapshot basis as of the time it existed when this plea agreement was entered into? If you're that and disregard what the law is today. No, I think you have to take into consideration what the law is today. But but what I'm trying to address is, is the argument which I anticipate, which is that he waived his right to appeal. And I'm just looking at I'm looking at it with respect to whether the waiver is valid or not. My question is, I mean, what law do we look to the law today? Or it seems to me you're saying we look to the law as it existed at the time the agreement was entered into. At the time. Yes. And at the time the agreement was entered into statutory maximum was not an unambiguous term. Well, it doesn't matter. It's still subject to, you know, legal interpretation. I mean, every contract within an ambiguous term, you know, you have the court interpret that ambiguous term and whatever that interpretation is. That's the contract, right? Well, if the if the government bargain, we're contending is the government did not bargain for the narrow interpretation of that term because it's not inserted into that paragraph. Well, the interpretation at that time was, you know, Almondera store. Right. Which is, you know, the statutory maximum still isn't, you know, in other words, plenty didn't didn't, you know, impact anything based upon a prior conviction. That was the law then. Right. So that was the party's understanding at that time. I assume that the statutory maximum for purposes of this contract, when you're dealing with was governed by Almondera stores, because that was the existing law at the time. In terms of prior convictions, if that's what you're saying, this is right. Well, I'm saying it's not because what's not. It's not. It's not a law. It's not a part of it. My argument is that we're not dealing with a prior conviction in the in the narrow terms of what it says under the sentencing guidelines. If you're if you're looking at, I mean, as the parties understood that understood the term and when they entered into the agreement. Well, if we're looking if we're looking at what that means under the sentencing guidelines at that time, at the time the plea agreement was entered into, if we're looking at it at the time that the plea was entered into. Yeah. And it means Almond. Almondera store said it meant. Right. I think that that was a lot of perhaps that wasn't that the law at the time. Now, I agree it was the law at the time. But the point, if I can, if I can just clarify, your honor, the point I'm trying to make. Is the sentencing guidelines calls for an evaluation of a prior conviction that I contend goes beyond what Almond or Doris Torres or Shepard allows Shepard. OK. What do you mean by evaluation? OK. For instance, Almond Doris Torres says the fact of a prior conviction. That is something that you do that doesn't have to be presented to a jury that, you know, it's it's can be decided separately. But what I'm what I'm arguing is that what the sentencing guidelines is asking for under trying to remember the 4B 1.2 or something of that nature. What what is calling for is something that is beyond the simple definition of the statute of what the prior conviction is. Shepard says that the evaluation needs to be limited to the statutory definition, the charging document and the plea colloquy and findings of the court. But what the career offender is asking for is something beyond that. You mean, for instance, is it a crime of violence or something like that? It's asking for something beyond that. If we look at the if we look at the bear, the judge in this case made findings that the the prior convictions for the drug felonies were sufficient and he didn't need to look any further beyond that. The drug felonies in these case fall under O.R.S. Oregon revised statutes for seventy five point zero zero five and Oregon revised statutes for seventy five point nine nine two. Those particular statutes do not track the terms under the under the sentencing guidelines. You mean the definition of a controlled substance offense? Definition of a controlled substance offense. Correct. So you're saying because the district judge has to interpret or examine the judgment to see if it fits within that definition, that's beyond. I'm saying that he's going beyond the the statutory definition of the sentencing guidelines. No, he's going beyond the statutory definition of what the prior conviction was under under Oregon. Which is which is all that which is all the Elmendares Taurus authorizes. Only the fact of a prior conviction. Only the fact of the prior conviction. He's reaching a conclusion that that goes beyond that. The actual terms of the Oregon revised statutes are a little bit different. Specifically, they say they prohibit delivery and they prohibit it as defined. The actual constructive or attempt to transfer other than by administering or dispensing from one person to another. Did you make that argument to the district court? No, we did not. And why not? Elmendares Taurus was already law at that time. And as you say, Elmendares Taurus only authorizes the court to, I'll say, take notice of only the fact of the prior conviction. Well, you're saying he went beyond it. So why didn't you object to the court going beyond that? What we did object to the we did object to the application of the career offender. But not on this basis, but on this specific, specific statutory basis. No, I have to admit, we did not. But we did raise Elmendares Taurus. We did raise the Fifth and Sixth Amendment violations that we felt were in effect. So on this issue, then, is a plain error review. My time's run out, Your Honor. We would contend not. We would contend that we preserve the error. And this defendant did not get to. We ask for recess. Since we occupied your time, we'll still give you a minute for rebuttal. May it please the Court. Kathleen Bickers for the United States today. Your Honor, counsel is incorrect in his first argument that this court has jurisdiction because the appeal is allowable in a situation where the defendant may appeal in the event his sentence exceeded the statutory maximum. The statutory maximum in this case was set forth in the plea agreement. It was 40 years imprisonment. He pled under 21 U.S.C. 841A1B. The plea agreement says the statutory maximum is X years? Yes. It says the maximum sentence is. That's correct. It sets forth the maximum. So the issue which the court has already focused in on with respect to counsel's argument on that first argument that we're making is whether or not the parties at the time this plea agreement was reached and the defendant entered his plea, which was free. It was the party's understanding at the time they entered into the plea agreement that for purposes of the waiver provision. For purposes of the waiver provision, statutory maximum was 40 years. That's correct. Because that maximum was set forth in the plea agreement. That's correct. And counsel argues that the determination made by the court doesn't fall into the Apprendi exception. And that that would have been an issue back when this plea agreement was made because. Yeah. But just right now, I don't know if this does anybody any good. But I noticed now in that paragraph three of the plea agreement, it says the maximum sentence is 40 years. It doesn't say the statutory maximum is 40. That's correct. It says the maximum. So my argument is that the statutory maximum is outside the plea agreement, which you can look at and determine based upon the statute. Did at the time this defendant entered into his plea agreement, did he think the statutory maximum was something different? Counsel argues that he must have thought it was something different because you had Apprendi at the time the plea agreement was entered into. The Apprendi exception covered prior convictions. Counsel attempts to distinguish Apprendi by arguing that the court has to go into more of a fact-finding process with the career offender determination. I don't have a case out of this circuit. I do cite a case in my brief, U.S. v. Trolla, out of the Third Circuit, which explicitly found that whether an offense is a crime of violence or a controlled substance offense, that's a legal determination which does not raise an issue under Apprendi. So that already one circuit, at least one circuit has weighed in on that. And it is a prior conviction. It's a determination. It can be fairly simply determined from the nature of the conviction and the sentence that was imposed. And when you look at the pre-sentence report, which the court relied on in this case to determine whether or not the defendant was a career offender, all of those five delivery convictions had sentences exceeding one year. So we know the court back then knew that it was dealing with a felony. So I'd argue that the court did not err when it found the defendant to be a career offender. And that would, even if the court found that there was jurisdiction to even hear this appeal and that this waiver of appeal has no validity based upon the issue of statutory maximum. The guidelines don't use the term delivery. They use the term distribution. What about that? Well, they use the term controlled substance offense. Right. And then they define it, don't they? Well, that delivery and distribution, it's defined. And you look normally to the statute of conviction to see whether or not it qualifies as a distribution, giving not for money, not for anything, just giving it to another person. And in this case, I've conceded in the government's brief that the statute of conviction was not provided to the court at the time, either through the pre-sentence report or from the government. And that in and of itself is an error. The remedy for that error, as I've cited the cases out of this circuit, is if the court finds that there was a plausible prospect of a different outcome, that this defendant somehow has shown to you either at sentencing or in this record of appeal that he didn't have five qualifying convictions, that in that event it should go back to the district court on remand for resentencing and the court should have an opportunity to look at that statute. But my argument. Well, how does that fit with your. . . I'm not following you. How does that fit with your, you know, no jurisdiction because of waiver? Well, that's my first argument. No jurisdiction because of waiver. This is a fallback argument. This is my. . . Even if the court finds there is jurisdiction, then. . . Right. What the district court did was correct or at the most just a remand for resentencing? That's correct, Your Honor. Then the district court has an opportunity to look at the statute and determine whether or not the convictions do qualify. But that doesn't happen until the defendant, as I stated in my brief and cited cases in this circuit, the defendant has established that there's a plausible prospect of a different outcome. And. . . Now, what do you mean when you say, when you say the defendant has to establish a plausible prospect of a different outcome? Is there some case law you. . . Yes. . . . depend on for that? Your Honor, I cite to my brief page 14, United States v. Pimentel Flores, 339F3959. And that's the case that I cited to concede that just relying on the presentence report was not appropriate for the court to do. But in Pimentel Flores, the defendant quibbled with whether or not the presentence report's denotation of a prior felony was correct because the core conviction might have actually been a misdemeanor. The Ninth Circuit, having reviewed that record, decided that Pimentel Flores, the Pimentel Flores had actually established a plausible prospect of a different outcome. We don't have that in this case. So I would argue that the defendant does not have that ground covered. Well, defendant made, I guess, some objections to the use of the prior conviction. But was one of those objections that, well, the court doesn't have the actual conviction before it? Was that an objection the defendant made? No, the defendant did not make that objection. The defendant's objection rested on the Blakeley line of cases at that time. In order to . . . you do have to show that there were controlled substances offenses, don't you? That's correct. Right. And the question I was asking you earlier was that in order to be a controlled substance offense, the Oregon statute uses the term delivery, whereas for the sentencing guidelines, in order for it to be a controlled substance offense, uses the term distribution. It seems to me that those are two different concepts. Actually, they're practically identical concepts in both the state and federal system. Having practiced as a state prosecutor, I know that. And I would be making that argument to the court had that been objected to at the time of the defendant's sentencing. Let me ask the same question I just asked in a little different way. The pre-sentence report lists all these prior convictions, right? Right. Paragraph 35, controlled substance in 1986, 36, controlled substance in 89, and so forth. Now, did the defendant object to these portions of the pre-sentence report? No, that was never an issue at sentencing. Thank you. I am so interested in your argument, even though you say you're not going to make it, as to why delivery is the same as distribution. Well, distribution actually in the federal system is giving a controlled substance to another person. Transferring it. Transferring it. And delivery of a controlled substance in the state system is, for all intents and purposes, identical. It's any sort of provision of a controlled substance to another person. It's a common sense understanding of what delivery and distribution is. Now, in the state system, they have an additional penalty or a distinction if it's for consideration or not. There is no distinction in the federal system. I notice that there is, however, a difference between what the state court means with dispensing and what the guidelines do. Dispensing is okay in the state system. It's not in the federal system. So we don't have that problem here with distribution and delivery. That's my understanding. I see that my time is up. Thank you. All right. Mr. Price, you're not obligated to use it, but if you have something you want to tell us, then you have a minute. Yes. I would just like to point out, Your Honor, that on page 16 and 17 of my brief and previous to that, we did raise the issue regarding the career offender statute not being applicable. So we contend that we did challenge the application of those prior convictions and as to whether or not they qualified under the career offender statute for the enhancement. I would just point out that paragraph 10. Was that a challenge that was made to the district court? It was made to the district court that this was not appropriate. On page 3 of our record, which is page 2 of the plea agreement, we contend that paragraph 10 is the paragraph that is controlling as to what we're dealing with when we deal with statutory maximum. That does not point out 841. So that's not there. We're dealing with a defendant who did not have a chance to raise. He was never sentenced under the advisory guidelines. He was sentenced under mandatory. Thank you. Thank you. The case just argued is submitted. And the next case is Evergreen International Airlines versus Asiana Airlines. Thank you. Thank you.
judges: Hug, Tashima, Clifton